*In re* MICHAEL C. BIXBY.

Número: MC-2015-030     Resuelto: 16 de marzo de 2015

## RESOLUCIÓN

Examinada la *Solicitud de admisión por cortesía* presentada por el Lcdo. John F. Nevares Padilla, se provee "ha lugar" condicionado a que en un término de 15 días el abogado solicitante, Lcdo. Michael C. Bixby, comparezca y suscriba la referida solicitud. Por su parte, el abogado endosante, licenciado Nevares Padilla, deberá en igual término: (1) dar fe de la capacidad del solicitante para postular como abogado en los procesos correspondientes y (2) hacer constar que domina tanto el idioma inglés como el español, según los requisitos establecidos en la Regla 12(f) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B.

Subsanado lo anterior, la referida admisión por cortesía estará sujeta a que, posteriormente, el licenciado Bixby nos informe el caso específico en el cual va a postular ante la Financial Industry Regulatory Authority. Se le apercibe que de postular en más de una querella, deberá informarlas al Tribunal y deberá cancelar los correspondientes sellos de rentas internas para cada una.

Advertimos que, como parte de los requisitos de la Regla 12(f) de nuestro Reglamento, *supra*, todo abogado que solicite la admisión por cortesía deberá comparecer y suscribir la referida solicitud.

*Publíquese.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta Señora Fiol Matta disintió de la determinación del Tribunal por las razones expuestas en el Voto particular disidente del Juez Hernández Denton en el caso *In re Michel Prüss*, 189 DPR 762 (2013). La Juez Asociada Rodríguez Rodríguez proveería "no ha lugar" a la admisión por cortesía solicitada y, una vez más, reitera su rechazo a la admisión por cortesía abierta —sin especificidad de casos— para litigar en procedimientos de arbitraje ante la FINRA. Esto, por entender que este tipo

de admisión contraviene el carácter excepcional de la Regla 12(f) de nuestro Reglamento, 4 LPRA Ap. XXI-B. Véase, además, *In re Michel Prüss*, supra (voto particular disidente del Juez Asociado Señor Hernández Denton). Además, la solicitud de admisión por cortesía en este caso no cumple con otros requisitos dispuestos en la referida Regla 12(f). Una admisión condicionada al cumplimiento de estos requisitos es improcedente. La Jueza Asociada Oronoz Rodríguez proveería "no ha lugar" a la solicitud de admisión por cortesía presentada por las razones expuestas en el Voto particular disidente del Juez Hernández Denton emitido en el caso *In re Michel Prüss*, supra. Asimismo, considera que no procede debido a que el abogado para el cual se solicitó la admisión no compareció ni se dio fe de su capacidad para postular como abogado en el caso correspondiente. Tampoco surge de la solicitud que el abogado endosante domine el idioma inglés. Por todo lo anterior, considera que la solicitud no cumple con las exigencias de la Regla 12(f) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B. La Jueza Asociada Señora Pabón Charneco no interviene.

(*Fdo.*) Aida Ileana Oquendo Graulau
*Secretaria del Tribunal Supremo*