EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Michael C. Bixby | 2015 TSPR 24<br><br>192 DPR ____ |

Número del Caso: MC-2015-30


Fecha: 16 de marzo de 2015


Abogado del Peticionario:

     Lcdo. John F. Nevares Padilla


Materia: Admisión por cortesía bajo la Regla 12 (f) del Tribunal Supremo.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Michael C. Bixby                    MC-2015-030

RESOLUCIÓN

San Juan, Puerto Rico, a 16 de marzo de 2015.

Examinada la *Solicitud de admisión por cortesía* presentada por el Lcdo. John F. Nevares Padilla, se provee ha lugar condicionada a que en un término de 15 días el abogado solicitante, Lcdo. Michael C. Bixby, comparezca y suscriba la referida solicitud. Por su parte, el abogado endosante, licenciado Nevares Padilla, deberá, en igual término: (1) dar fe de la capacidad del solicitante para postular como abogado en los procesos correspondientes; y (2) hacer constar que domina tanto el idioma inglés como el español, según los requisitos establecidos en la Regla 12(f) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 12(f).

Subsanado lo anterior, la referida admisión por cortesía estará sujeta a que posteriormente el licenciado Bixby nos informe el caso específico en el cual va a postular ante el *Financial Industry Regulatory Authority*. Se le apercibe que de postular en más de una querella, deberá informar éstas al Tribunal y deberá cancelar los correspondientes sellos de rentas internas para cada una.

Advertimos que como parte de los requisitos de la Regla 12(f) de nuestro Reglamento, 4 LPRA Ap. XXI-B, R. 12(f), todo abogado que solicite la admisión por cortesía deberá comparecer y suscribir la referida solicitud.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.

La Jueza Presidenta señora Fiol Matta disiente de la determinación del Tribunal por las razones expuestas en el Voto Particular Disidente del Juez Hernández Denton en el caso In re: Lorenz Michel Prüss, 189 D.P.R. 762 (2013).

La Juez Asociada Rodríguez Rodríguez proveería no ha lugar a la admisión por cortesía solicitada y, una vez más, reitera su rechazo a la admisión por cortesía abierta -sin especificidad de casos- para litigar en procedimientos de arbitraje ante la FINRA. Esto, por entender que este tipo de admisión contraviene el carácter excepcional de la Regla 12(f) de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-B, R. 12(f). *Véase, además In re: Lorenz Michel Prüss*, 189 D.P.R. 762 (2013) (Hernández Denton, J., Voto Particular Disidente). Además, la solicitud de admisión por cortesía en este caso no cumple con otros requisitos dispuestos en la Regla 12(f) y una admisión condicionada al cumplimiento de éstos es improcedente.

La Jueza Asociada Oronoz Rodríguez proveería no ha lugar a la solicitud de admisión por cortesía presentada por las razones expuestas en el Voto Particular Disidente del Juez Hernández Denton emitido en el caso In re Lorenz Michel Prüss, 189 DPR 762 (2013). Asimismo, considera que no procede debido a que el abogado para el cual se solicitó admisión no compareció ni tampoco se dio fe de su capacidad para postular como abogado en el caso correspondiente. Tampoco surge de la solicitud que el abogado endosante domine el idioma inglés. Por todo lo anterior, considera que la solicitud no cumple con las exigencias de la Regla 12(f) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B.

La Jueza Asociada señora Pabón Charneco no interviene.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo